**AHMAD, ZAVITSANOS & MENSING, PLLC**
Foster C. Johnson (SBN 289055)
fjohnson@azalaw.com
1221 McKinney Street, Suite 2500
Houston, TX 77010
(713) 655-1101

*Attorneys for Plaintiffs & the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISO DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs,* <br><br> vs. <br><br> PERPLEXITY AI, INC., META PLATFORMS, INC., AND GOOGLE, LLC, <br><br> *Defendants.* | Case No. 3:26-cv-02803 <br><br> **MOTION FOR ADMINISTRATIVE LEAVE FOR PLAINTIFF JOHN DOE TO PROCEED PSEUDONYMOUSLY** |

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel, respectfully moves the Court to allow him to proceed pseudonymously in this matter. Plaintiff's Complaint (ECF 1) alleges that Defendants Perplexity AI, Inc., Meta Platforms, Inc., and Google, LLC (collectively, "Defendants") illicitly acquired and disclosed highly sensitive personally identifiable information ("PII"), protected health information ("PHI"), and other private and highly sensitive information such as legal and financial information (collectively, "Private Information") from himself and other members of the putative Class who interacted with Perplexity's AI Machine.[1] Central to the Complaint is the fact that Plaintiff and Class Members utilized Perplexity's AI Machine for purposes of receiving personalized and private information and guidance regarding issues involving their Private Information, and in so doing had their Private Information disclosed to Google, Facebook, and other third parties.

---

[1] As that term is defined in the Complaint.

Ninth Circuit precedent "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). Courts balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068 (citations omitted). Courts applying this balancing test have recognized three situations allowing a plaintiff to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. (internal quotation marks and citations omitted); *see also Roe v. San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *7 (N.D. Cal. Jan. 28, 2021). Here, the second situation applies.

As discussed in more detail in Plaintiff's Complaint, Defendants illicitly intercepted identifiable, highly sensitive Private Information from Plaintiff and other users of the AI Machine. Plaintiff and Class Members used Perplexity's AI Machine to receive a wide variety of advice on issues involving their Private Information, and in so doing had Private Information disclosed including (1) their medical, health, and financial conditions and information, (2) their first and last names, (3) their email addresses, (4) their button-clicks, (5) their device identifiers, (6) their browser fingerprints, (7) their cookie identifiers, (8) their email addresses, and (9) the date and time of their visits to the AI Machine (*see* Complaint, ¶¶ 95-183, 408).

Courts in the Ninth Circuit have regularly recognized that information like the Private Information at issue here, including information about a plaintiff's mental health, information about a plaintiff's physical health or medical conditions, and information about a plaintiff's financial information is sensitive enough to justify pseudonymity, including in cases involving the alleged disclosure of such information via tracking technologies like those at issue here. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025) (Orrick, J.) (granting motion to proceed pseudonymously in case involving alleged disclosure of

MOTION FOR ADMINISTRATIVE LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY

medical information via Meta Pixel; holding there was no prejudice to Meta because any need to address plaintiffs' identities in discovery could be addressed via protective order, and the public interest weighed strongly in favor of allowing plaintiffs to proceed pseudonymously); *T.S. v. Body Contour Centers, LLC*, No. 2:24-CV-01944-LK, 2025 WL 1866086, at *2 (W.D. Wash. July 7, 2025) (same); *E.A.P.C. v. Wofford*, No. 1:25-CV-01546-JLT-CDB, 2025 WL 3551935, at *2 (E.D. Cal. Dec. 11, 2025) (granting motion to proceed pseudonymously to protect plaintiff's health information given, among other things, the risk of stigma); *Doe v. State Bar of Cal.*, No. 3:20-cv-06442-LB (N.D. Cal. Sept. 21, 2020), *granting* Motion, *id*. (Sept. 14, 2020) (complaint discussing plaintiff's psychiatric disabilities); *Doe v. Spahn*, No. 1:21-cv-03409-TNM (N.D. Cal. Oct. 20, 2021), *granting* Motion, *id*. (Oct. 12, 2021) (complaint discloses stigmatized medical information);[2] *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007) (financial information).

Plaintiff's Private Information would be protected by the use of a pseudonym and protect him from facing stigma and discrimination in his social and professional life. Plaintiff has made considered decisions about how and to whom he discloses Private Information, carefully weighing the potential harms of disclosure and his own needs in each instance. Filing this case under his true name would strip him of the protection and dignity of decision-making going forward. Indeed, if Plaintiff has to proceed under his own name, it will repeat the very harm—the dissemination of identifiable, sensitive Personal Information—his Complaint seeks to address.

Proceeding pseudonymously also would not thwart the public's interest in the facts of the case or the principle of open courts; indeed it would foster it. Because Plaintiff is not seeking to seal the entire case, the public will still have access to "[t]he basic facts of the plaintiffs' employment and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things." *Jane Roes 12 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015). Public scrutiny of the case would thus be unobstructed. *See Advanced Textile*, 214 F.3d at 1072 ("The district court did not

---

[2] Indeed, in general, mental illness is one of the "most common" reasons for courts allowing parties to proceed pseudonymously. *Rostker*, 89 F.R.D. at 161.

explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case."). The public also has a low "interest in Plaintiff['s] identity, as opposed to [his] allegations," *Doe v. Lee*, No. C 13-04029 LB, 2014 WL 630936, at *3 (N.D. Cal. Feb. 18, 2014), because Plaintiff brings this case as a putative class action, and most—if not all—of the class members' identities will never be disclosed to the public. *See Jane Roes 1–2*, 77 F. Supp. 3d at 996 ("There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities."). Protecting Plaintiff's identity via pseudonym would indeed serve public policy by avoiding creating a disincentive to filing lawsuits like this one. *In re Meta Pixel*, 2025 WL 807954, at *2 ("Requiring plaintiffs who seek to vindicate their privacy rights to publicly link their names to the information they seek to protect – allegedly sensitive information that has not already been widely disclosed – is against the public interest, as it could dissuade plaintiffs from bringing privacy cases. While the plaintiffs' names are irrelevant to the public's understanding of this case, the medical information they disclosed is key. Precluding members of the public from understanding the exact types of medical information that [third parties] received – which could be necessary if plaintiffs were forced to identify themselves – would instead undermine the public's ability to understand rulings and issues at stake in this case." (citation omitted)).

Finally, Plaintiff seeks to enforce state and federal statutory rights, claims that "benefit the public." *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. 2:11-cv-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012). The public therefore has "an interest in seeing this case decided on the merits." *Advanced Textile*, 214 F.3d at 1073. ("[W]hatever knowledge defendants have of plaintiffs' identities . . . lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11). Plaintiff will also cooperate in efforts to "shape discovery and avoid impediments that anonymity might raise." *Id.*

For the above reasons, Plaintiff respectfully requests that he be permitted to proceed in this matter under a pseudonym.

MOTION FOR ADMINISTRATIVE LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY

Dated: April 1, 2026

Respectfully submitted,

*/s/ Foster C. Johnson*

Foster C. Johnson (SBN 289055)
Joeseph Ahmad*
Mark Holden*
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston TX 77010
Tel:  (713) 655-1101
Fax: (713) 655-0062
fjohnson@azalaw.com
joeahmad@azalaw.com
mholden@azalaw.com

**COUNSEL FOR PLAINTIFF,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED**

*\* Pro Hac Vice Pending*

MOTION FOR ADMINISTRATIVE LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY